Betty ROUSH, Plaintiff–Appellee,

v.

**KFC NATIONAL MANAGEMENT COMPANY, Defendant–Appellant.**

No. 92–6685.

United States Court of Appeals, Sixth Circuit.

Argued June 14, 1993.

Decided Dec. 2, 1993.

Priscilla S. Diamond (argued & briefed), Louisville, KY, for plaintiff-appellee.

Steven T. Catlett (briefed), Jones, Day, Reavis & Pogue, Columbus, OH, Pamela M. Greenwell, KFC Nat. Management Co., Louisville, KY, Stanley Weiner (argued & briefed), Jones, Day, Reavis & Pogue, Dallas, TX, for defendant-appellant.

Before: GUY and BATCHELDER, Circuit Judges; and MILES, Senior District Judge.*

## PER CURIAM.

Defendant, KFC National Management Company, appeals the district court's order awarding attorney fees in this action involving age discrimination and the Kentucky tort of outrageous conduct. KFC raises the following allegations of error: (1) the district court refused to reduce plaintiff's attorney fee award to reflect her failure to prove that the company willfully violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1967); and (2) the district court improperly ruled that plaintiff could recover the attorney fees she expended prosecuting her state law claim of outrageous conduct, which was unrelated to her ADEA claim. We reverse and remand for further consideration.

*The Honorable Wendell A. Miles, United States District Court for the Western District of Michi-

## I.

This case involves actions by two former employees of KFC, Betty Roush and Wetonah Crabb. Both Roush and Crabb alleged that KFC terminated their employment in violation of the ADEA and that, under Kentucky law, the company was liable in accordance with the tort of outrageous conduct. As part of their age discrimination claims, Roush and Crabb asserted that KFC's violation of the ADEA was willful.

The consolidated cases were tried before a jury, and on March 14, 1991, the jury returned a verdict in Roush's favor. It found that KFC had discriminated against her on the basis of her age and, furthermore, that it had willfully done so. It also found that the company had committed the tort of outrageous conduct in its dealings with Roush. The jury awarded Roush $100,000 in damages on her age discrimination claim and $50,000 on her state tort claim. Roush then sought to amend the judgment to provide for an additional $100,000 in damages as a result of KFC's willful violation of the ADEA, based on the Act's provision for automatic liquidated damages for such misconduct. As for Crabb's claims, the jury found in KFC's favor on both counts of her complaint.

On March 28, 1991, KFC filed a motion for j.n.o.v. or, in the alternative, for a new trial. The company challenged the verdict with regard to Roush on four grounds: the finding of age discrimination was not supported by the evidence; the $100,000 damage award included a substantial front pay component that was improperly awarded; the jury's "willfulness" finding was not supported by the evidence; and Roush failed to introduce evidence sufficient to satisfy the standard for outrageous conduct.

Prior to ruling on KFC's motion, the trial judge died and the case was transferred to another judge. On June 8, 1992, the district court granted j.n.o.v. on the issue of willfulness and, accordingly, denied Roush's motion to amend the judgment. In all other re-

gan, sitting by designation.

spects, however, the court denied the company's motion.

On July 8, 1992, Roush moved for attorney fees under the ADEA, seeking $175,798, including a 100 percent fee enhancement, and $9,712.04 in costs. KFC opposed her fee proposal on three principal grounds: the requested enhancement was contrary to law; the fee failed to account for Roush's lack of success in demonstrating that KFC willfully violated the ADEA; and the fee included amounts expended pursuing Roush's state tort claim, which the company saw as unrelated to her ADEA claim. On November 17, 1992, the district court awarded Roush $85,971.43 in attorney fees and $5,546.61 in costs, while rejecting her plea for a fee enhancement.

## II.

 In a companion case decided today, *Roush v. KFC National Management Co.*, 10 F.3d 392 (6th Cir. 1993), we held that the district court's partial denial of KFC's j.n.o.v./new trial motion was proper as it pertained to Roush's age discrimination count. However, we went on to conclude that the district court should have entered j.n.o.v. with regard to her claim of outrageous conduct. We also adjusted the damage award downward to reflect our conclusion that no award of front pay was appropriate.

Accordingly, we remand to the district court for reconsideration of the attorney fees to be afforded Roush's counsel. Her counsel is ineligible for a fee award for time spent on the ultimately unsuccessful outrageous conduct claim or the front pay claim.

As we have indicated, Roush also did not prevail on her contention that she was the victim of "willful" discrimination. Ordinarily, we would not ask the district court to reassess its grant of attorney fees where, despite such an outcome, an ADEA plaintiff showed that he or she had nonetheless suffered discrimination. Here, however, Roush's counsel admitted that some of her time had been spent exclusively on preparing the willfulness aspect of Roush's ADEA

count. In light of our remand, the district court should review Roush's fee submission and leave out of its award compensation for work done solely on the willfulness issue.

**REVERSED AND REMANDED.**